IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Larmarcus Williamson, | ) | C/A No.: 3:19-1140-MGL-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER AND NOTICE |
| Vice President Mr. Christopher Hammond, | ) | |
| Defendant. | ) | |

Larmarcus Williamson ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint against Christopher Hammond ("Hammond"), Vice President of Audit Services at Palmetto Health Richland Memorial Hospital ("Palmetto Health"), alleging violations of his federal and constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I. Factual and Procedural Background

Plaintiff received notice from Hammond that, due to an email phishing scam, Plaintiff's personal information may have been exposed, including his full name, date of birth, address, email, telephone number, "and other information commonly found in a medical record." [ECF No. 1-2 at 2]. Hammond noted social security numbers, driver's license numbers, health

insurance information, and credit or bank account information were not at risk. *Id.*

Plaintiff brought this action under 42 U.S.C. § 1983 alleging the data breach constitutes gross negligence and violates Federal Rule of Civil Procedure 5.2. [ECF No. 1 at 5–6].

II. Discussion

   A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's

allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

To state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States]

3

Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014).

The complaint fails to allege either of these elements. Palmetto Health, now Prisma Health, is a not-for-profit health company, not a state entity. *See* About Prisma Health, https://www.palmettohealth.org/patients-guests/about-prisma-health (last accessed April 26, 2019). Thus, Palmetto Health's employees, including Hammond, are not state actors amenable to suit under § 1983. *See Davis v. Koon*, C/A No. 9:11-342-JMC-BM, 2011 WL 1544260, at *1 (D.S.C. March 4, 2011) (holding Palmetto Health Richland Memorial and Palmetto Health Alliance not state actors amendable to suit under § 1983), *adopted by* 2011 WL 1539672 (D.S.C. April 21, 2011); *Miller v. Spartanburg Regional*, C/A No. 6:10-2662-HFF-KFM, 2010 WL 5479658 (D.S.C. Oct. 21, 2010), *adopted by* 2010 WL 5462473 (D.S.C. Dec. 29, 2010) (same).

In addition, Federal Rule of Civil Procedure 5.2 does not support Plaintiff's claim. Rule 5.2 provides rules for parties filing documents in federal court and has no application to how a hospital stores its records or protects against phishing scams. *See* Fed. R. Civ. P. 5.2.

To the extent Plaintiff may allege a constitutional violation of his right to privacy, that claim also fails. The United States Supreme Court has never proclaimed a "general constitutional right to privacy." *Whalen v. Roe*, 429 U.S. 589, 607—08 (1977) (Stewart, J., concurring). Rather, the Court has left the

matter "largely to the law of the individual States." *Katz v. United States*, 389 U.S. 347, 351 (1967). The Fourth Circuit Court of Appeals has specifically declined to recognize a right to privacy in a person's medical or personal contact information. *See Watson v. Lowcountry Red Cross*, 974 F.2d 482, 487–89 n.9 (4th Cir. 1992) (holding no privacy right in medical information); *Taylor v. Best*, 746 F.2d 220, 225 (4th Cir. 1984) (same); *Walls v. City of Petersburg*, 895 F.2d 188, 193 (4th Cir. 1990) (holding no reasonable expectation of privacy in information available in public records); *Condon v. Reno*, 155 F.3d 453, 464–65 (4th Cir. 1998) (holding the information found in motor vehicle records or "commonly provided to other parties" is the "very sort of information to which individuals do not have a reasonable expectation of privacy"), *rev'd on other grounds*, 528 U.S. 141 (2000); *DM v. Louisa Cnty. Dept. of Human Serv's*, 194 F. Supp. 3d 504, 508–09 (W.D. Va. July 8, 2016) (applying *Walls* and *Condon* and finding no right to privacy in personal contact information). Thus, Plaintiff has failed to adequately allege the essential elements of a § 1983 claim.

In addition, Plaintiff has not alleged, and the complaint does not support, jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332, which requires complete diversity of parties and an amount in controversy in excess of $75,000. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 nn.13–16 (1978); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court.").

For these reasons, the complaint is subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by May 17, 2019, along with any appropriate service documents. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

*Shiva V. Hodges*

April 26, 2019
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge